CRAIG K. PERRY, ESQ.
Nevada State Bar No. 3786
CRAIG K. PERRY & ASSOCIATES
8010 West Sahara Ave., Suite 260
Las Vegas, NV 89117
Telephone: (702) 228-4777
Facsimile: (888) 789-4128
info@1stoplawfirm.com

Attorney for Plaintiff
Alex Manessis

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ALEX MANESSIS, | CASE NO.: |
| Plaintiff, | |
| vs. | |
| MIDLAND CREDIT MANAGEMENT, INC., MIDLAND FUNDING LLC, AND ENCORE CAPITAL GROUP, INC., | **COMPLAINT FOR VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT (TCPA)** <br> **47 U.S.C. § 227** |
| Defendants. | **JURY DEMANDED** |

## COMPLAINT

Plaintiff ALEX MANESSIS brings this complaint against Midland Credit Management, Inc., Midland funding LLC, and Encore Capital Group, Inc. for repeated violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227.

## NATURE OF ACTION

1. Plaintiff alleges that Defendants called his prepaid cellular telephone number using an automatic telephone dialing system as defined by the Telephone Consumer Protection

Act, 47 U.S.C. §227 and/or artificial, prerecorded voice without his express consent to do so.

2. Defendants were informed on several occasions to not call Plaintiffs' cellular telephone and should be fully aware that Defendants had no prior express or implied consent to call the cellular telephone.

3. Plaintiff alleges that the Defendants has acted voluntarily, intentionally and under its own free will and knew or should have known that Defendants were engaged in acts that constitute violations of the TCPA.

## JURISDICTION AND VENUE

4. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 47 U.S.C. § 227(b)(3).

5. This Court has jurisdiction over Defendants pursuant to 28 U.S.C. §1391b because Defendant engages in business within this state.

6. Venue is proper pursuant to 28 U.S.C. §1391b and 47 U.S.C. §227(b)(3).

7. Defendant MIDLAND CREDIT MANAGEMENT, INC. is a Kansas corporation with its principal place of business also located at 3111 Camino Del Rio N., #1300, San Diego, CA 92108. It is a subsidiary of Encore Capital Group, Inc.

8. Defendant MIDLAND FUNDING LLC, is a limited liability company chartered under Delaware law. Midland is a subsidiary of Encore Capital Group, Inc.

9. Defendant ENCORE CAPITAL GROUP, INC. is a publicly traded Delaware corporation, with offices at 8875 Aero Drive, Suite 200, San Diego, CA 92123. These Defendants are referred to collectively hereafter as "MCM."

10. At all times relevant herein, Plaintiff was a Nevada resident.

///

## PRELIMINARY STATEMENT

11. Plaintiff repeats, re-alleges, and incorporates by reference paragraphs 1 through 10 inclusive.

12. Plaintiff brings this action for damages arising from MCM's violation of the Telephone Consumer Protection Act (hereinafter referred to as the "TCPA"), Title 47 of the United States Code § 227, which prohibits person from making any call using an automatic telephone dialing system or an artificial or prerecorded voice to any telephone number assigned cellular telephone service or any service for which the called party is charged for the call without (1) an established business relationship with the called party and (2) without prior express consent of the called party.

## FACTUAL BACKGROUND

14. Plaintiff repeats, re-alleges, and incorporates by reference paragraphs 1 through 13 inclusive, above as though fully set forth herein.

15. Beginning February 9, 2014 through July 22, 2014, MCM began calling the Plaintiff's cell phone number ending in -1981 from telephone numbers (877) 237-0512 and (877) 822-9854 which are numbers known to be used by MCM.

16. Defendant MCM called Plaintiff's prepaid cell phone number ends with 1981 a total of 70 times, as follows:

## FIRST CLAIM FOR RELIEF
## FOR VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227

17. Plaintiff repeats, re-alleges, and incorporates by reference paragraphs 1 through 16 inclusive, above.

18. MCM contacted Plaintiff's phone multiple at least 70 times using an automatic dialing system or an artificial or prerecorded voice, without his express permission or consent.

19. At the times that all the above identified calls were received on his wireless phone Plaintiff was the subscriber to the called number, was the sole person having custody and control of the phone and paid for the airtime for the called number.

20. In placing each telephone call MCM used a telephone dialing system with the capacity to automatically dial Plaintiff's cell phone and there was no person on the line when the call was answered, then MCM abruptly hung up on the plaintiff.

21. Upon information and belief, the telephone calls identified above were placed to Plaintiff's wireless phone number using an automatic telephone dialing system (ATDS) that had the capacity to store numbers.

22. Upon information and belief, MCM intended to use an automatic telephone dialing system to place each of the telephone calls identified above.

23. Upon information and belief, MCM had knowledge that it was using an automatic telephone dialing system to place each of the telephone calls identified above.

24. MCM has admitted that it made the calls in writing.

25. Upon information and belief, MCM placed the telephone calls to Plaintiff identified above voluntarily.

26. Upon information and belief, MCM placed the telephone calls to Plaintiff identified above under its own free will.

27. At no time has the Plaintiff given his express consent, written or otherwise, to MCM to call his cellular telephone number ends with 1981.

28. All calls made to Plaintiff's cell phone were for a non-emergency purpose.

29. Plaintiff has no prior or present established business relationship with MCM.

30. Plaintiff has sustained concrete and particularized injuries in several ways:

   a. His phone was tied up by these unwanted calls.

   b. His privacy was invaded.

   c. Repeated, unwanted and illegal calls caused him frustration and annoyance.

   d. He incurred actual damages in the form of interruptions of his time receiving these calls, as well as the cost of electricity used and wear and tear on his phone because of the calls.

## COUNT I
## VIOLATIONS OF THE TCPA 47 U.S.C. § 227(b)(1)(A)(iii)

31. Plaintiff repeats and re-alleges each allegation stated above.

32. MCM's conduct described above violated the Telephone Consumer Protection Act (TCPA), 47 U.S.C. § 227 *et seq*.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

1. Adjudging that Defendant violated the TCPA 47 U.S.C. § 227 et seq.

2. Awarding Plaintiff statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B)(C) of $500 for the second call (the first call falling under the safe harbor provision Ruling of the FCC) and $1500 for each call thereafter made to Plaintiff's wireless phone as knowing and/or willful violations;

3. Awarding Plaintiff all costs incurred in this action;

4. Awarding Plaintiff any post-judgment interest as may be allowed under the law;

5. Awarding such other and further relief as the Court may deem just and proper.

///

## DEMAND FOR TRIAL BY JURY

    Plaintiff is entitled to and hereby demands a trial by jury.

Dated: February 15, 2018.                                             CRAIG K. PERRY & ASSOCIATES

<u>/s/ Craig K. Perry</u>
CRAIG K. PERRY, ESQ.
Nevada State Bar No. 3786
CRAIG K. PERRY & ASSOCIATES
8010 W. Sahara Ave., Suite 260
Las Vegas, Nevada 89117
Telephone: (702) 228-4777
Facsimile: (702) 943-7520
info@1stoplawfirm.com
*Attorney for Plaintiff*